**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAWN SARRACH,**

**Plaintiff,**

**v.** **CASE NO.: ____________________**

**THOMPSON AND ASSOCIATES, P.C.,**
**a Massachusetts Professional Corporation**

**Defendant.**
_____________________________________/

**VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff, Dawn Sarrach, by and through the undersigned law firm and sues Defendant, Thompson & Associates, P.C., a Massachusetts professional corporation and alleges as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff brings this action pursuant to 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act (the "**FDCPA**") and Fla. Stat. § 559.55 et seq., the Florida Consumer Collection Practices Act ("**FCCPA**").

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this District because the acts, transactions, and occurrences giving rise to this cause of action occurred here, the Plaintiff resides here, and the Defendant transacts business here.

**PARTIES**

4. Plaintiff is a natural person residing in Pinellas County, Florida.

5. Thompson & Associates, P.C., ("Thompson" or "Collector") is a Massachusetts law firm doing business in the City of Clearwater, County of Pinellas, State of Florida, and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6) and Fla. Stat. §559.55(6).

**FACTUAL ALLEGATIONS**

6. Upon information and belief, all of Thompson's conduct alleged herein by Plaintiff was authorized, approved, and/or ratified by one or more officers, directors, or managers of the Collector with conscious disregard of the rights and safety of others such as Plaintiff.

7. The conduct of Collector alleged herein was fraudulent, oppressive, and undertaken with malice.

8. The debt that Collector alleges to be due and owing to Creditor, Peak Credit Services, LLC, from Plaintiff in the amount of eight hundred one dollars and 39/100 ($801.39) (the "**Alleged Debt**") is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

9. On or about October 14, 2008, Collector, through an employee identified only as "Joy," contacted Plaintiff's mother ("**Mother**") by telephone to obtain contact information for Plaintiff in connection with collection of the Alleged Debt ("**October 14 Call #1**").

10. Later on October 14, 2008, Plaintiff placed a return telephone call to Joy at Collector (the "**October 14 Call #2**").

11. During that October 14 Call #2, Plaintiff requested more detailed information regarding the Alleged Debt. Collector, again through its employee Joy, refused to provide Plaintiff with any additional information and advised Plaintiff that it did not require any

additional information because Collector had "done its homework" in investigating the Alleged Debt and had "crossed all the i's and dotted all the t's."

12. During the October 14 Call #2, Plaintiff requested that Collector not contact Mother again.

13. During the October 14 Call #2, Collector, through Joy, attempted to collect the Alleged Debt through threats, intimidation, and shouting.

14. The threats made by Collector during the October 14 Call #2 included, without limitation, a threat that Collector would bring a criminal case against Plaintiff for fraud if Plaintiff did not immediately pay the Alleged Debt in full.

15. The threats made by Collector during the October 14 Call #2 also included, without limitation, a threat that Collector would make sure that Plaintiff's pending claim for disability would be denied if Plaintiff did not immediately pay the Alleged Debt in full.

16. Plaintiff believed the threats made by Collector and this belief produced anxiety and mental distress in Plaintiff.

17. When Collector's employee refused to lower her voice after Plaintiff's repeated requests to do so, Plaintiff terminated the October 14 Call #2.

18. Thereafter, Collector again contacted Mother by telephone in an effort to collect the Alleged Debt owed by Plaintiff to Creditor ("**October 14 Call #3**").

19. Thereafter, Collector contacted Plaintiff directly by telephone in an effort to collect the Alleged Debt owed by Plaintiff to Creditor ("**October 14 Call #4**").

20. During the October 14 Call #4, Collector, again through its employee, Joy, continued to badger Plaintiff in an effort to collect the Alleged Debt.

21. During the October 14 Call #4, Collector advised Plaintiff that the amount she would have to pay in connection with the Alleged Debt had increased because Collector had to contact Plaintiff again.

22. Thereafter, Collector again attempted to contact Plaintiff by telephone in an effort to collect the Alleged Debt ("**October 14 Call #5**" and, collectively with October 14 Calls # 1 – 4, the "**Collection Calls**"). On this occasion, Plaintiff was not at home and Collector's employee, Joy, spoke with Plaintiff's husband ("**Husband**"). *See* Affidavit of **ARTHUR W. SARRACH** annexed hereto as Exhibit "A" and incorporated herein by reference ("**Husband's Affidavit**").

23. During the October 14 Call #5, Collector represented to Husband that Plaintiff had to pay the Alleged Debt by 10:00 a.m. on the following day or Plaintiff would be in "big trouble."

24. During the October 14 Call #5, Collector represented to Husband that she had previously spoken with Husband's daughter and she had said bad things about Plaintiff.

25. Throughout October 14 Call #5, Creditor was rude and abusive and addressed Husband in an intimidating manner. See Husband's Affidavit.

26. On or about October 7, 2008, and December 11, 2008, Collector mailed form collection letters (the "**Form Collection Letters**") to Plaintiff, at her home, demanding full payment of a debt allegedly owed to Creditor.

27. True and correct copies of the Form Collection Letters are annexed as Composite Exhibit "B" and are incorporated herein by reference.

28. The Form Collection Letters are "communications" as such term is defined by 15 U.S.C. §1692a(2).

29. The Form Collection Letters prominently display a letterhead bearing the name of the law firm of the Collector.

30. The Form Collection Letters inform Plaintiff that the Collector is a law firm which represents Creditor in the area of creditor rights, which representation may include "requesting" the balance of the Alleged Debt from Plaintiff.

31. The Form Collection Letters are executed by Attorney Phillip M. Thompson.

32. From the language of the Form Collection Letters, it is evident that Collector reached an agreement with Creditor for the purpose of sending out the Form Collection Letters.

33. Upon information and belief, Collector has no offices in the State of Florida.

34. Collector is attempting to collect debts by impermissibly "renting out" its letterhead to Creditor.

35. This practice of renting out its letterhead was undertaken by Collector in an attempt to mislead Plaintiff into paying the Alleged Debt through the use of Collector's letterhead and the implied threat of litigation before Collector had even performed a cursory legal review of Plaintiff's file.

36. Sending the Form Collection Letters to Plaintiff from a law firm and threatening Plaintiff that her failure to satisfy the Alleged Debt could result in litigation was a tactic used by Collector and Creditor designed to induce Plaintiff to believe that if she did not pay the Alleged Debt, Collector would file and prosecute a law suit against her.

37. The Form Collection Letters did cause Plaintiff to believe that if she did not pay the Alleged Debt, Collector, or its agents, would file a lawsuit against her on behalf of Creditor.

38. It cannot be reasonably disputed that Collector intended the Form Collection Letters to create the foregoing belief on the part of Plaintiff for the purpose of procuring payment of the Alleged Debt.

39. The belief which Collector and Creditor intended to create in Plaintiff through the Form Collection Letters was false and misleading because, upon information and belief, the attorney signing the Form Collection Letters on behalf of Collector is not an attorney licensed to practice law in the State of Florida, Collector has no offices in the State of Florida, and Collector did not intend to file and prosecute a lawsuit against Plaintiff in Florida.

## COUNT I
## Violation of the FDCPA, 15 U.S.C. §1692 *et seq.* as to Collector

40. This is an action against the Collector for violations of the FDCPA 15 U.S.C. §1692 *et seq*.

41. Plaintiff realleges and incorporates paragraphs one (1) through thirty nine (39) as if fully set forth herein.

42. 15 U.S.C. § 1692(b)(2) requires that, when calling a person other than the debtor, a debt collector "not state that such consumer owes any debt."

43. Collector violated 15 U.S.C. § 1692(b)(2) when its employee, Joy, disclosed to both Mother and Husband on separate occasions during the Collection Calls that Plaintiff allegedly owed the Alleged Debt and that Joy was calling to collect the Alleged Debt.

44. 15 U.S.C. § 1692(b)(3) provides that, when calling a person other than the debtor, a debt collector must "not communicate with any such person more than once unless requested to do so by such person."

45. Collector violated 15 U.S.C. § 1692(b)(3) by placing two of the Collection Calls to Mother.

46. 15 U.S.C. § 1692(d) provides, in pertinent part, as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47. Collector knew or should have known that the natural consequence of its actions in misrepresenting that it intended to file suit on the Alleged Debt in the Form Collection Letters, would and did, harass, oppress, and abuse Plaintiff in connection with the collection of the Alleged Debt.

48. Accordingly, the actions of Collector violated 15 U.S.C. § 1692(d).

49. 15 U.S.C. § 1692(d)(2) provides that when calling a debtor a debt collector shall not use profane language or "language the natural consequence of which is to abuse the hearer."

50. By insulting Plaintiff and Husband repeatedly, Collector violated 15 U.S.C. § 1692(d)(2).

51. 15 U.S.C. § 1692(e) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Collector knew or should have known that the natural consequence of its actions in misrepresenting that it intended to file suit on the Alleged Debt in the Form Collection Letters would and did, harass, oppress, and abuse Plaintiff in connection with the collection of the Alleged Debt.

53. 15 U.S.C. § 1692(e)(1) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

54. Collector violated 15 U.S.C. § 1692(e)(1) when it gave Plaintiff the false impression during the October 14 Call #2 that Collector could bring a criminal action against Plaintiff for fraud.

55. Collector violated 15 U.S.C. § 1692(e)(1) when it gave Plaintiff the false impression during the October 14 Call #2 that Collector could arrange to have Plaintiff's pending disability insurance claim denied.

56. Collector violated 15 U.S.C. § 1692(e)(1) when it gave Plaintiff the false impression in the Form Collection Letters that it was a Florida law firm and that its attorneys were officers of the Florida Court licensed and able to file litigation in the State of Florida.

57. 15 U.S.C. § 1692e(4) prohibits a debt collector from making any "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person."

58. 15 U.S.C. § 1692e(7) prohibits a debt collector from making "the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."

59. Collector violated 15 U.S.C. §§ 1692e(4) and (7) when its employee Joy threatened to have Plaintiff arrested for fraud.

60. 15 U.S.C. § 1692(e)(5) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

61. Collector violated 15 U.S.C. § 1692(e)(5) when it gave Plaintiff the false impression during the October 14 Call #2 that Collector could bring a criminal action against Plaintiff for fraud.

62. Collector violated 15 U.S.C. § 1692(e)(5) when it gave Plaintiff the false impression during the October 14 Call #2 that Collector could arrange to have Plaintiff's pending disability insurance claim denied.

63. Collector violated 15 U.S.C. § 1692(e)(5) when it gave Plaintiff the false impression in the Form Collection Letters that it was a Florida law firm and that its attorneys were officers of the Florida Court licensed and able to file litigation in the State of Florida.

64. As a result of these violations of the FDCPA by Collector, Plaintiff has been damaged and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, (3) reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1 692k(a)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Collector in Plaintiff's favor finding that Collector violated the FDCPA, awarding Plaintiff her actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

**COUNT II**

**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT, Fla. Stat. § 559.55 *et seq.* AS TO COLLECTOR**

65. This is an action against Collector for violations of Fla. Stat. § 559.55 *et seq*.

66. Plaintiff realleges and incorporates paragraphs one (1) through sixty four (64) as if fully set forth herein.

67. The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) in that some or all of the debt is an obligation allegedly incurred by Plaintiff incident to the purchase of property or services which were primarily used for personal, family, or household purposes.

68. Collector communicated certain information to Plaintiff through the Collection Calls and the Form Collection Letters, as described herein, and these actions constituted "communications" as defined by Fla. Stat. § 559.55(5).

69. Collector is engaged in the business of soliciting consumer debts for collection or of collecting consumer debts and are therefore subject to Fla. Stat. § 559.55 *et seq.*

70. Fla. Stat § 579.72(1) prohibits a debt collector from simulating "in any manner a law enforcement officer or a representative of any governmental agency" and from threatening criminal prosecution.

71. By threatening to prosecute Plaintiff for fraud, a criminal cause of action, Collector violated Fla. Stat. § 579.72(1) by creating the reasonable belief in Plaintiff that Collector worked for or with a governmental agency.

72. By threatening to have Plaintiff's disability claim denied, Collector violated Fla. Stat. § 579.72(1).

73. Fla. Stat § 579.72(7) prohibits a debt collector from "willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family."

74. By placing the four Collection Calls in a single evening, Collector violated Fla. Stat. § 579.72(7) by harassing Plaintiff, her mother, and her husband.

75. Fla. Stat § 579.72(8) prohibits a debt collector from using "profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member or her or his family."

76. By repeatedly raising her voice, insulting Plaintiff, and insulting Husband, Collector's employee Joy violated Fla. Stat § 579.72(8).

77. Fla. Stat. § 579.72(9) prohibits a debt collector from asserting "the existence of some other legal right when such person knows that the right does not exist."

78. By threatening to prosecute Plaintiff for fraud and to have Plaintiff's disability claim denied, Collector violated Fla. Stat. § 579.72(9).

79. Fla. Stat. § 559.72(10) prohibits a debt collector from using "a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, government agency, or attorney at law, when it is not."

80. By threatening to (1) prosecute Plaintiff for fraud, (2) to have Plaintiff's disability claim denied, and (3) to sue Plaintiff in Florida, Collector violated Fla. Stat. § 579.72(10).

81. Fla. Stat. § 559.72(12) prohibits a debt collector from "orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney."

82. By threatening Plaintiff with litigation in Florida, Collector violated Fla. Stat. § 559.72(12) by intentionally giving the false impression that Collector was authorized and licensed to proceed with litigation against Plaintiff.

83. By including language in the Form Collection Letters which indicated that legal action would be instituted against Plaintiff if the Alleged Debt were not paid, Collector intended

to and did give the false impression that the Form Collection Letters were from a Florida attorney, rather than from an out-of-state attorney who, upon information and belief, is not a member of the Florida Bar, who would personally take the threatened actions in Florida of filing suit in violation of Fla. Stat. § 559.72(10).

84. Due to the violations of Florida law by Collector as set forth above, Plaintiff has suffered damages including, without limitation, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to an award of actual and statutory damages under Fla. Stat. § 559.77.

85. In light of the particularly egregious nature of the conduct described herein and the fact that Collector intentionally, maliciously, and willfully engaged in such conduct, punitive damages should also be awarded under Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Collector and in favor of Plaintiff (1) finding that the actions of Collector have violated FCCPA; (2) awarding Plaintiff her actual damages, statutory damages, attorneys' fees and costs; (3) awarding punitive damages against Collector; and, (4) granting any and all such further relief as is deemed necessary or appropriate.

## JURY TRIAL DEMAND

86. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

Dated: April 24th, 2009.

_/s/ Michael H. Rosen, Esq.______________
MICHAEL H. ROSEN, ESQ.
Florida Bar No. 710393
e-mail: mrosen@saxongilmore.com
Trial Counsel
SAXON, GILMORE, CARRAWAY,
& GIBBONS, P.A.
201 E. Kennedy Blvd., Suite 600
Tampa, Florida 33602
Phone: (813) 314-4500
Facsimile: (813) 314-4555
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF FLORIDA

COUNTY OF PINELLAS

I, Dawn Sarrach, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dawn Sarrach

Dawn Sarrach

The foregoing instrument was sworn to and subscribed before me this 2 day of April, 2009, by Dawn Sarrach, who is personally known to me or has produced FLA D.L. (type of identification) as identification.

Suzanne Jean Irwin




State of Florida

SUZANNE JEAN IRWIN
MY COMMISSION # DD 869170
EXPIRES: March 11, 2013
Bonded Thru Notary Public Underwriters

Suzanne Jean Irwin

Notary Public – State of Florida

March 11, 2013

My Commission Expires:

AFFIDAVIT OF ARTHUR W. SARRACH

STATE OF FLORIDA

COUNTY OF PINELLAS

I, ARTHUR W. SARRACH, having first been duly sworn and upon oath, deposes and says as follows:

1. I am over the age of 18 and make this affidavit based upon personal knowledge and the facts herein are true and correct.

2. I am a resident of the City of Largo, Pinellas County, Florida.

3. I am married to Dawn Sarrach.

4 On October 14, 2008, my wife, Dawn, was not at home and I received a telephone call from a person who identified herself as Joy with the law firm of Thompson and Associates.

5. Joy represented to me if my wife did not pay the debt she owed to Peak Credit Services, LLC by 10 a.m. the following day that she would be in "big trouble".

6. Joy told me that she had previously spoken with my daughter and she has said bad things about my wife.

7. Through the call on October 14, 2008, Joy was rude and abusive and addressed me in a threatening manner.

Further Affiant sayeth naught

Arthur W. Sarrach

The foregoing instrument was sworn to and subscribed before me this 2 day of April, 2009, by Arthur W. Sarrach, who is personally known to me or has produced __________ (type of identification) as identification.

Suzanne Jean Irwin

Notary Public – State of Florida

My Commission Expires: March 11 2013

SUZANNE JEAN IRWIN
MY COMMISSION # DD 869170
EXPIRES: March 11, 2013
Bonded Thru Notary Public Underwriters

**EXHIBIT A**

Thompson & Associates, P.C.
Attorneys At Law
335 Common St.
Lawrence, MA 01840
Telephone: 1-888-688-2977 Fax: 978-688-3371

**Personal and Confidential**

FILE ID:PCS98 10/7/2008

DAWN SARRACH
1504 N OSCEOLA AVE
CLEARWATER, FL 33755

**Balance: $801.39**
Original Creditor:**E PAYDAY LOANS.COM**
DM1

Re:PEAK CREDIT SERVICES
Account NO.:1F-64301235

Dear DAWN SARRACH:

This office has been retained by PEAK CREDIT SERVICES, to assist it in the collection of the funds you owe on the above-listed account. Your failure to respond to previous collection attempts has resulted in our retention. As of the date of this letter, the balance on your account is **$801.39**. Pursuant to the terms of your agreement with the creditor, the total balance is due and payable in full. Please note that interest, if applicable to your account, is accruing on the current principal balance at the rate of 0.00% per annum.

Unless payment in full is made or you arrange for the repayment of this debt through this office in a manner acceptable to our client, this office will conduct a review of your account. As this office represents the above client, our review is undertaken to determine either the presence, or lack thereof, of a dispute to the indebtedness and, if none, the most effective means to secure repayment. Please be advised that our client seeks a non-litigious conclusion to this matter and no decision has been made on whether a suit would ever be filed. It is our hope that you will take this opportunity to contact our office concerning this matter.

Please note that this office shall assume the validity of this debt unless you dispute said debt, or if any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment against you and mail you a copy of such verification or judgment. Furthermore, upon written request within said (30) day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor.

Again, unless you either dispute the debt within 30 days of receipt of this letter or contact this office to discuss repayment with one of our non-attorney account managers, this office shall have no alternative but to proceed as indicated above.

Sincerely,

Phillip M. Thompson, Esquire

[1] This correspondence is from a debt collector. As such this correspondence is an attempt to collect a debt and any information obtained will be used for that purpose.

[2] Important notices appear on the back of this letter. Please read them as they may affect your rights.

**COMPOSITE**

**EXHIBIT B**

# IMPORTANT NOTICES:

THIS LAW FIRM EMPLOYS SOME PEOPLE WHO ARE NOT ATTORNEYS TO MAINTAIN CERTAIN CORRESPONDENCE IN WHICH THOSE PERSONS DO NOT ENGAGE IN THE PRACTICE OF LAW. THE NAMES OF OUR ATTORNEYS APPEAR IN THE ROSTER OF FIRM ATTORNEYS ON THE REVERSE SIDE OF LETTER.

ANY LETTER WITH A SERIES OF NUMBERS AND/OR LETTERS THAT APPEAR AFTER THE ALLEGED CREDITOR'S NAME IN THE "RE:" SECTION OF THE LETTER WAS GENERATED BY A COMPUTERIZED PROCESS THAT WAS INITIATED FOLLOWING A REVIEW OF COMPUTERIZED DATA REFLECTING THE STATUS OF YOUR ACCOUNT. THIS DATA INCLUDES SUCH ITEMS AS YOUR NAME, ACCOUNT NUMBER, ACCOUNT STATUS, NAME OF THE ALLEGED CREDITOR, ALLEGED DEBT BALANCE, AND PAYMENT ACTIVITY OR LACK THEREOF. THIS COMPUTERIZED PROCESS WAS DESIGNED AND TESTED BY AN OFFICE ATTORNEY IN ORDER TO DETERMINE THE APPROPRIATENESS OF THE CORRESPONDENCE TO THE RECIPIENT. WHETHER THE LETTER STATES THAT THE PERSON SIGNING IT IS AN ATTORNEY OR THE SIGNER'S NAME APPEARS IN THE ROSTER OF FIRM ATTORNEY ON THE TOP OF THE LETTER, OR IF SIGNED BY A NON-ATTORNEY, THE REVIEW OF THE COMPUTERIZED DATA BASED UPON THE COMPUTERIZED PROCESS TO DETERMINE THE APPROPRIATENESS OF THE CORRESPONDENCE WAS MADE BY AN ATTORNEY AND AN ATTORNEY DID AUTHORIZE THE SENDING OF THE LETTER.

ATTORNEYS IN THIS LAW FIRM ARE LICENSED TO PRACTICE LAW OR COMMENCE LAWSUITS IN THOSE STATES LISTED ON THE REVERSE SIDE OF THE LETTER. IN THE EVENT THAT THIS LAW FIRM, AT SOME POINT, SHOULD RECOMMEND TO ITS CLIENT THAT A LAWSUIT SHOULD BE COMMENCED IN A STATE WHERE THIS LAW FIRM IS NOT LICENSED TO DO SO, THE CLIENT, UPON DECIDING TO START SUCH A LAWSUIT, WILL DO SO ONLY THROUGH A LAW FIRM LICENSED IN YOUR STATE. FURTHERMORE, THE FACT THAT OUR LAW FIRM MAY RECOMMEND THAT A SUIT BE COMMENCED DOES NOT MEAN THAT THE CLIENT WILL ACCEPT THE RECOMMENDATION TO INITIATE SUIT.

**The state Rosenthal Fair Debt Collections Practices Act and the Federal Debt Collections Practices Act require that except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats or violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal phone calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgement. For more information about debt collection activities, you may contact the Federal Trade Commision at 1-877-FTC-HELP or www.ftc.gov.**

**OFFICE HOURS:** **Monday through Thursday 8:00 Am – 6:00 Pm, Friday 8:00 Am – 5:00 Pm, Saturday 8:00 Am – 1:00 Pm (All times are Eastern)**

**The following language is required by Colorado state law to be contained in the initial debt collection letter sent to Colorado residents:**

**For information about the Colorado Fair Debt Collection Practices Act, see www.ago.state.co.us/cab.htm**

Thompson & Associates, P.C.
Attorneys At Law
335 Common St.
Lawrence, MA 01841
Telephone: 1-888-688-2977 Fax: 978-688-3371

***Personal and Confidential***

FILE ID: PCS98

12/11/2008

Balance: **$801.39**
Original Creditor: **E PAYDAY LOANS.COM**
DM4

DAWN SARRACH
1504 N OSCEOLA AVE
CLEARWATER, FL 33755-0000

Re: **PEAK CREDIT SERVICES**
Account No: **1F-64301235**

Dear DAWN SARRACH:

We have been unable to make definite payment arrangements with you regarding your delinquent account. We therefore request that you **IMMEDIATELY** make your balance in full payment of **$801.39**, which is the amount now due.

If you cannot pay the entire amount within five (5) days from the above date, telephone our office today and inform us of your intentions to resolve this matter.

If this account is not resolved at once, we will have no choice but to request the **BALANCE IN FULL.**

Sincerely,

Phillip M. Thompson, Esquire

# IMPORTANT NOTICES:

THIS LAW FIRM EMPLOYS SOME PEOPLE WHO ARE NOT ATTORNEYS TO MAINTAIN CERTAIN CORRESPONDENCE IN WHICH THOSE PERSONS DO NOT ENGAGE IN THE PRACTICE OF LAW.

ANY LETTER WITH A SERIES OF NUMBERS AND/OR LETTERS THAT APPEAR AFTER THE ALLEGED CREDITOR'S NAME IN THE "RE:" SECTION OF THE LETTER WAS GENERATED BY A COMPUTERIZED PROCESS THAT WAS INITIATED FOLLOWING A REVIEW OF COMPUTERIZED DATA REFLECTING THE STATUS OF YOUR ACCOUNT. THIS DATA INCLUDES SUCH ITEMS AS YOUR NAME, ACCOUNT NUMBER, ACCOUNT STATUS, NAME OF THE ALLEGED CREDITOR, ALLEGED DEBT BALANCE, AND PAYMENT ACTIVITY OR LACK THEREOF. THIS COMPUTERIZED PROCESS WAS DESIGNED AND TESTED BY AN OFFICE ATTORNEY IN ORDER TO DETERMINE THE APPROPRIATENESS OF THE CORRESPONDENCE TO THE RECIPIENT. WHETHER THE LETTER STATES THAT THE PERSON SIGNING IT IS AN ATTORNEY OR A NON-ATTORNEY, THE REVIEW OF THE COMPUTERIZED DATA BASED UPON THE COMPUTERIZED PROCESS TO DETERMINE THE APPROPRIATENESS OF THE CORRESPONDENCE WAS MADE BY AN ATTORNEY AND AN ATTORNEY DID AUTHORIZE THE SENDING OF THE LETTER.

ATTORNEYS IN THIS LAW FIRM ARE LICENSED TO PRACTICE LAW OR COMMENCE LAWSUITS IN THOSE STATES LISTED ON THE REVERSE SIDE OF THE LETTER. IN THE EVENT THAT THIS LAW FIRM, AT SOME POINT, SHOULD RECOMMEND TO ITS CLIENT THAT A LAWSUIT SHOULD BE COMMENCED IN A STATE WHERE THIS LAW FIRM IS NOT LICENSED TO DO SO, THE CLIENT, UPON DECIDING TO START SUCH A LAWSUIT, WILL DO SO ONLY THROUGH A LAW FIRM LICENSED IN YOUR STATE. FURTHERMORE, THE FACT THAT OUR LAW FIRM MAY RECOMMEND THAT A SUIT BE COMMENCED DOES NOT MEAN THAT THE CLIENT WILL ACCEPT THE RECOMMENDATION TO INITIATE SUIT.

**The state Rosenthal Fair Debt Collections Practices Act and the Federal Debt Collections Practices Act require that except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats or violence or arrest or by using obscene language. Collectors nay not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal phone calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.**

**OFFICE HOURS: Monday through Thursday 8:00 Am – 6:00 Pm, Friday 8:00 Am – 5:00 Pm, Saturday 8:00 Am – 1:00 Pm (All times are Eastern)**

**The following language is required by Colorado state law to be contained in the initial debt collection letter sent to Colorado residents:**

**For information about the Colorado Fair Debt Collection Practices Act, see www.ago.state.co.us/cab.htm**